[Crim. No. 1875.   Fourth Dist.   Sept. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE HENRY HUMPHREY, Defendant and Appellant.

George B. Corn for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant was tried by jury and found guilty of both counts of an indictment charging him with committing lewd and lascivious acts upon children, in violation of Penal Code, section 288. Proceedings were suspended and defendant was certified for examination as a sexual psychopath. This appeal is taken from an order denying a motion for new trial. (Pen. Code, § 1237, subd. 2.)

■ Defendant's contention that the evidence was insufficient to support the verdict of guilty on count one compels the following summary of a portion of the evidence relating to that count: In August 1959, Mrs. Odor and her three children were at defendant's home where she was preparing

a meal. She went into the bedroom and observed her 4-year-old daughter, Candi, in bed with defendant. The child's head, which was only partially visible under the covers, was facing and near the area of the private parts of defendant, who was moving his hips as if engaged in intercourse. Candi got out of bed when Mrs. Odor called, and in doing so the covers were pulled back revealing defendant's erect penis. Defendant testified that he was sick and "hung over," and had placed another child, a year old baby, on his bed to quiet its crying before he went to sleep. He denied that the 4-year-old, Candi, was in bed with him. He thought that Mrs. Odor's accusation was an attempt to get him to offer her money.

From the foregoing and a review of the entire record, we conclude that the jury's verdict on count one was supported by substantial evidence. Thus, there is no basis for appellate review. (*People* v. *Redrick*, 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255].) Accordingly, defendant's contention that count one is not supported by sufficient evidence is rejected.

■ Regarding count two, defendant contends that the testimony of the prosecution witness, his 6-year-old daughter, Penny, was "coached" and for this reason was insufficient and incompetent. This contention lacks merit. There is nothing in the record to show that Penny Humphrey's testimony was "coached." Though her mother apparently told her that her father was "sick" and that the purpose of the court proceeding was to help him, there is no indication that the events she related were prompted by anything but her own observations and impressions of the facts. Since defendant does not question the sufficiency of Penny's testimony as such, but contends only that it is insufficient by virtue of being "coached," no purpose can be served in summarizing the evidence. Suffice it to say that a review of the entire record reveals evidence of a substantial nature sufficient to support the jury's verdict on count two.

■ Defendant contends that Penny was not a competent witness under the provisions of Code of Civil Procedure, section 1880. In *People* v. *Burton*, 55 Cal.2d 328, 341 [11 Cal.Rptr. 65, 359 P.2d 433] the court stated: " 'If a child [under the age of ten years] possesses sufficient intelligence, understanding and ability to receive and fairly accurately recount his impressions ... and he has an understanding of the nature of an oath and a moral sensibility to realize that he should tell the truth and that he is likely to be punished for a falsehood, he is competent to testify.' " ■ .On *voir*

*dire* examination, Penny distinguished between truth and falsehood, knew that lies were wrong and that she would be punished for telling them, and promised to tell the truth in court. Defendant complains that Penny was unable to testify clearly on matters other than the alleged facts of the incident, and that she often failed to remember when other questions were asked. These are matters to be considered by the jury, and are not as a matter of law destructive of the child's competency. (*People* v. *Burton, supra,* 55 Cal.2d 328, 342.) A review of the *voir dire* examination and testimony of Penny leads us to the conclusion that the child was a competent witness within the meaning of Code of Civil Procedure, section 1880, as interpreted by *People* v. *Burton, supra.*

█ Defendant asserts that he was deprived of a fair trial, since almost three years elapsed between the acts relating to count one and the indictment, thus depriving him of a speedy trial. The issue of a speedy trial in a felony case relates to the time between the filing of the accusatory pleading and trial, not the time elapsing between the alleged act and trial. Since defendant does not contend that the length of time between the filing of the accusatory pleading and trial was excessive, the issue of speedy trial has not been raised. (Pen. Code, § 1382.) The act was alleged to have taken place August 31, 1959, and the indictment was filed July 11, 1962. Thus, the indictment was filed within the three-year limitation prescribed by Penal Code, section 800. For the foregoing reasons, defendant's contention that he was denied a fair trial by virtue of the time lapse between the offense and trial is rejected.

█ In his opening statement, defendant's counsel alluded to defendant's two sons as prospective defense witnesses. The boys made statements to the police, and apparently somewhat contradictory statements to the prosecutor. Before trial, defendant's ex-wife had denied defense counsel an opportunity to talk with the boys. In chambers, defense counsel was told that he now could talk with the boys. The court informed him that he would not be allowed to call the boys as his witnesses and then claim surprise as a basis for impeachment by statements they made to the police if he ignored the opportunity to talk with them. The following is the court's admonition: "... you are now given notice on the record that it is expected by the District Attorney that this child will testify different than these statements

were. You are also given an opportunity to interrogate the child and find out for yourself.

"If you decline the opportunity to find out for yourself, I cannot find that you are acting in good faith in being surprised if the child does what the District Attorney predicts it will do. Therefore, I would not allow you to cross-examine on the theory of surprise unless you interrogate this child. If you interrogate the child—it is your duty to do it. You do it or not. You do as you see fit.

"If you interrogate the child and sincerely think that he is going to testify in accordance with the previous testimony and he then does not, then you are genuinely taken by surprise. But, 'taken by surprise' is not just a term. It means exactly what it says."

Whether a party claiming surprise makes a sufficient showing of surprise is largely within the discretion of the trial court. (*Stevenson* v. *Alta Bates, Inc.*, 20 Cal.App.2d 303 [66 P.2d 1265].) Defendant can hardly complain of error if the court forewarns counsel of the manner in which the court intends to exercise its discretion. Rather, it is to defendant's advantage to be able to anticipate the ruling and govern his strategy accordingly.

█ Defendant complains that when the prosecution failed to call the two Humphrey boys, defendant was denied the opportunity to cross-examine two material witnesses. Not only were the boys present and available as witnesses but defense counsel called them and excused them after asking only their names. The prosecution was not required to call the boys as witnesses, and defendant cannot complain if he made no attempt to elicit testimony from the boys when he called them as defense witnesses.

█ Lastly, defendant contends that the court erred in inquiring of the jury, which was divided eleven to one, in the following manner, which might tend to have hurried the jury into a decision: "Well, of course, you have only been in deliberation for a day, but you have been in deliberation for a full day. The evidence in this case only took a total of about one day. Do you feel that with further deliberation you may make progress?

"THE FOREMAN: I do, your Honor."

█ Coercion of verdict based upon the statements of a trial judge must be determined upon the facts of each case. (*People* v. *Burton, supra,* 55 Cal.2d 328, 356.) █ There is nothing in this statement or any other statements of the

judge regarding the jury's inability to reach a verdict that might indicate an urging that a particular verdict be reached.

Order denying a new trial affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 27, 1963.